UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SARAH NICOLE ROUNDTREE, | ) | Case No. EDCV 14-00803-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On May 1, 2014, Sarah Nicole Roundtree ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits.  The Commissioner filed an Answer on September 17, 2014.  On January 15, 2015, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 22-year-old female who applied for Supplemental Security Income benefits on August 5, 2011.  (AR 26.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 5, 2011, the application date.  (AR 28.)

Plaintiff's claim was denied initially on October 24, 2011 and on reconsideration on March 30, 2012.  (AR 26.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lawrence J. Duran on November 19, 2012 in Moreno Valley, California.  (AR 26.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 26.)  Vocational expert ("VE") Gloria J. Lasoff also appeared and testified at the hearing.  (AR 26.)

The ALJ issued an unfavorable decision on November 23, 2012.  (AR 26-38.)  The Appeals Council denied review on February 4, 2014.  (AR 3-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.     Whether the ALJ adequately developed the record.

2.     Whether the ALJ's Residual Functional Capacity ("RFC") assessment is supported by substantial evidence.

3.     Whether the ALJ properly evaluated the required factors in determining Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the

listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.
Fourth, the ALJ must determine whether the impairment prevents the claimant from
doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).
Before making the step four determination, the ALJ first must determine the claimant's
residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most
[one] can still do despite [his or her] limitations" and represents an assessment "based
on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC
must consider all of the claimant's impairments, including those that are not severe.  20
C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

      If the claimant cannot perform his or her past relevant work or has no past
relevant work, the ALJ proceeds to the fifth step and must determine whether the
impairment prevents the claimant from performing any other substantial gainful activity.
Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of
proving steps one through four, consistent with the general rule that at all times the
burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d
at 746.  Once this prima facie case is established by the claimant, the burden shifts to
the Commissioner to show that the claimant may perform other gainful activity.
Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a
claimant is not disabled at step five, the Commissioner must provide evidence
demonstrating that other work exists in significant numbers in the national economy that
the claimant can do, given his or her RFC, age, education, and work experience.  20
C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is
disabled and entitled to benefits.  Id.

## THE ALJ DECISION

      In this case, the ALJ determined at step one of the sequential process that Plaintiff
has not engaged in substantial gainful activity since August 5, 2011, the application date.
(AR 28.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: conversion disorder and posttraumatic stress disorder ("PTSD") (20 C.F.R. § 416.920(c)).  (AR 28-29.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 29-30.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: occasional interaction with co-workers, supervisors, and the public; no intense concentration for more than one hour with a five-minute break in focus; and no fast-paced work.  (AR 31-36.)  In determining the above RFC, the ALJ made an adverse credibility determination.  (AR 33.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as an impersonator.  (AR 36-37.)  The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of industrial cleaner, packer and production inspector.  (AR 37-38.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 38.)

**DISCUSSION**

The ALJ decision must be affirmed.  The ALJ properly developed the record, properly considered the medical evidence and properly discounted Plaintiff's subjective symptom testimony.  The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**I.    THE ALJ PROPERLY DEVELOPED THE RECORD**

Plaintiff contends that the ALJ failed to develop the record properly.  The Court disagrees.  The record was adequate to support the ALJ's RFC determination.

### A.     Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining

professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B.    Analysis

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan, 242 F.3d at 1150; Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.  The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

In formulating Plaintiff's RFC here, the ALJ gave significant weight to the opinions of the consultative psychological examiner, Dr. Douglas Larson, and three State agency medical consultants.  (AR 34, 35.)  On October 11, 2011, Dr. Larson diagnosed Claimant with PTSD and conversion disorder by history.  (AR 34, 35, 303.)  Dr. Larson found Claimant unimpaired in the ability to understand and complete simple and complex

commands, but moderately impaired in the ability to interact appropriately with supervisors, co-workers or the public.  (AR 34, 304.)  He also found her unimpaired in the ability to comply with job rules but mildly impaired in the ability to respond to change in the normal workplace setting and moderately impaired in the ability to maintain persistence and pace in a normal workplace setting.  (AR 34, 304.)

Three State agency medical consultants Dr. G. Rivera-Maya, Dr. Miller Logan and Dr. B. Lammers made similar findings on review of the medical records.  (AR 34, 35, 87-89, 522, 523.)  They determined that Plaintiff has the following functional limitations: moderate restrictions on activities of daily living, moderate difficulties in social functioning, and moderate difficulties in maintaining concentration, persistence and pace.  (AR 34.)  They further determined that Claimant is moderately limited in the ability to carry out detailed instructions, moderately limited in the ability to maintain attention and concentration for extended periods, and moderately limited in carrying out a normal workweek without interruption from psychological symptoms.  (AR 34-35.)  They found Plaintiff moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors, moderately limited in the ability to respond appropriately to changes in the workplace and moderately limited in the ability to set realistic goals.  (AR 35.)

All of the above assessments are consistent with the ALJ's RFC.  None of these medical sources ascribed functional limitations that would preclude all work for Claimant. Nonetheless, Plaintiff argues that the record was not properly developed.  In particular, Plaintiff has been diagnosed with conversion disorder, arising from trauma as a child due to sexual abuse.  (AR 299, 303.)  Dr. Larson, a psychologist not a medical doctor, stated, "Conversion disorder should be considered somewhat tentative given that this examiner is not a physician in terms of diagnosis."  (AR 303.)  Plaintiff seizes on this statement to assert that the ALJ should have ordered additional examinations to more fully develop the record on limitations due to conversion disorder.  Yet Dr. Larson as a licensed clinical psychologist is an acceptable medical source under Social Security

regulations, 20 C.F.R. § 404.1513(a), and his opinion constitutes substantial evidence.
Tonapetyan, 242 F.3d at 1149.  Although he could not make a medical diagnosis,
Dr. Larson accepted the conversion disorder by history and assessed Claimant with
limitations based on his personal examination of her.  The fact that as a psychologist he
cannot make a diagnosis does not mean he does not know what a conversion disorder
is or that he cannot observe and assess limitations evident on examination.  Additionally,
the three State agency medical consultants who reviewed Plaintiff's records on October
19, 2011, March 21, 2012 and March 22, 2012 (AR 87-89, 522, 523) were all medical
doctors who provided RFC assessments similar to those of Dr. Larson.  These opinions
constitute substantial evidence.  Thomas, 278 F.3d at 957 (opinions of non-treating, non-
examining physicians may serve as substantial evidence when the opinions are
consistent with independent clinical findings or other evidence in the record).  The record
was not inadequate for the ALJ to find that Plaintiff had the impairment of conversion
disorder and to assess the functional limitations caused by the disorder.

Plaintiff also argues that the ALJ should have ordered additional psychiatric
examinations based on the opinions of two marriage and family therapists (MFTs), Marie
Alkire and Yvette Chavez.  (AR 34, 35, 36.)  On August 26, 2011, Ms. Chavez assessed
limitations that would preclude all work.  (AR 36, 284-292.)  The ALJ, however, properly
noted that marriage and family therapists are not acceptable medical sources (they are
"other sources") and not entitled to the same weight as a qualifying medical source
opinion.  20 C.F.R. § 416.913(a) and (d).  The ALJ, moreover, did not ignore
Ms. Chavez' opinions.  The ALJ considered and rejected Ms. Chavez' RFC assessment
because it was brief, conclusory and inadequately supported by clinical findings.  (AR
36.)  An ALJ may reject a treating physician opinion on that basis, Thomas, 278 F.3d at
957, and certainly can reject an "other source" MFT opinion on that basis.  Plaintiff never
addresses the ALJ's rejection of Ms. Chavez' opinions on this basis.  The ALJ also noted
contradictions in Ms. Chavez' August 26, 2011 Evaluation.  (AR 36.)  An ALJ may reject
a treating physician's opinion that is not supported by or is contradicted by his or her

1   treatment notes,  Batson v. Comm'r, 359 F.3d 1190, 1995 n.3 (9th Cir. 2004),  and

2   certainly can reject an MFT opinion on that same basis.  Thus, the ALJ did not err in

3   failing to order additional examinations on the basis of Ms. Chavez' opinions.

4          Plaintiff also takes issue with Dr. Rivera-Maya's RFC assessment of Claimant.

5   (AR 85.)  Dr. Rivera-Maya agreed with Dr. Larson's RFC assessment ("benign findings

6   noted") and found that the adverse MFT finding is "not supported by rest of file" and

7   "Evidence does not support ongoing marked psych limitations."  (AR 85.)  Dr. Rivera-

8   Maya plainly found Dr. Larson's assessment warranted greater weight and that the MFT

9   finding was inadequately supported.  Plaintiff says that Dr. Rivera-Maya does not

10  develop the assertion that the "evidence does not support ongoing marked psych

11  limitations," and asserts that no medical basis was provided for this "conclusory"

12  statement.  Quite to the contrary, Dr. Rivera-Maya specifically agreed with Dr. Larson

13  and noted that the MFT finding is not supported by the rest of the file.  Plaintiff's other

14  criticisms do not address Dr. Rivera-Maya's reliance on Dr. Larson's opinion.

15         Plaintiff also argues that Dr. Larson's recommendation that Plaintiff may benefit

16  from aggressive mental health treatment (AR 304) was a reason to order further

17  examinations.  The agency, however, does not provide claimants with treatment. It

18  determines whether Plaintiff is medically disabled and unable to work.

19         An ALJ's duty to develop the record further is triggered only when there is

20  ambiguous evidence or when the record is inadequate to allow for proper evaluation of

21  the evidence.  Mayes, 276 F.3d at 459-60.  Here, the ALJ's RFC is supported by

22  substantial evidence, namely the opinions of Dr. Larson and three State agency

23  reviewing physicians.  There was no ambiguity in the record as all of these medical

24  sources provided essentially similar RFC assessments that do not preclude all work.

25  The ALJ reasonably gave these medical source RFC assessments greater weight than

26  those of the MFTs to which he gave little weight because they were brief, conclusory and

27  not supported by adequate findings.  As in Mayes, "the record before the ALJ was

28

neither ambiguous nor inadequate to allow for proper evaluation of the evidence." Id. at 460.  There was no duty to develop the record further.

## II.   THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because it conflicts with the opinions of Ms. Chavez and other clinicians.  The ALJ, however, rejected Ms. Chavez' opinions for specific, legitimate, and germane reasons supported by substantial evidence.  SSR 96-8p specifically provides, "[I]n assessing RFC, the adjudicator must consider only limitations and restrictions attributable to medically determinable impairments."  An ALJ is not required to include limitations unsubstantiated by objective medical evidence or based on discredited subjective symptoms in his RFC or in his hypothetical question to the VE.  Thomas, 278 F.3d at 959-60.  The ALJ properly considered the medical and other evidence in formulating Plaintiff's RFC.

## III.   THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations.  The Court disagrees.

### A.   Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958;

1    see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at

2    345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's

3    testimony about the severity of a claimant's symptoms only by offering "specific, clear

4    and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick,

5    157 F.3d at 722.  The ALJ must identify what testimony is not credible and what

6    evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

7         **B.    Analysis**

8         In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically

9    determinable impairments reasonably could be expected to cause some of the alleged

10   symptoms.  (AR 33.)  The ALJ, however, also found that Plaintiff's statements regarding

11   the intensity, persistence and limiting effects of these symptoms are "not credible" to the

12   extent inconsistent with the ALJ's RFC.  (AR 33.)  Because the ALJ did not make any

13   finding of malingering, he was required to provide clear and convincing reasons

14   supported by substantial evidence for discounting Plaintiff's credibility.  Smolen, 80 F.3d

15   at 1283-84.  The ALJ did so.

16        First, the ALJ found that the objective medical evidence does not support the

17   alleged severity of Claimant's subjective symptoms.  An ALJ is permitted to consider

18   whether there is a lack of medical evidence to corroborate a claimant's alleged pain

19   symptoms so long as it is not the only reason for discounting a claimant's credibility.

20   Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

21        Second, the ALJ found that Claimant's treatment has been "essentially routine and

22   conservative in nature", consisting of counseling.  (AR 33.)  Conservative treatment is a

23   legitimate reason for discounting a claimant's credibility.  Parra, 481 F.3d at 750-51.

24   Plaintiff argues that she does not take psychotropic medications because she had a bad

25   reaction to them and has never received more intensive mental health treatment.  Yet,

26   even without such medication and treatment, Plaintiff functions at a relatively high level

27   with only the moderate limitations assessed by the medical sources relied on by the ALJ,

28   and has never experienced any episodes of decompensation of extended duration.  (AR

12

30.)  The ALJ reasonably found that Claimant's symptoms and limitations were not as severe as alleged.  (AR 33.)

Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations.  (AR 32.)  Inconsistent daily activities are a legitimate consideration in evaluating credibility.  Bunnell, 947 F.2d at 345-46.  Here, Plaintiff does not have any severe physical impairments (AR 28-29) but alleges she cannot work because she cannot concentrate, has problems with authority figures and does not do well in social situations.  (AR 31.)  Yet she engages in essentially normal daily activities and interactions.  (AR 29, 32.)  She cares for her cats, does household chores, prepares her own meals, and reads, plays games on her computer, attends dance classes and spends up to four hours with her friend playing board games.  (AR 29, 31, 32.)  Although she claims to have memory problems, she can follow television programs and can bake and follow a baking recipe.  (AR 31.)  The ALJ found that the physical and mental capabilities requisite to performing many of the tasks described above as well as the social interactions replicate those necessary for obtaining and maintaining employment. (AR 32.)  The ALJ, moreover, accommodated Plaintiff's subjective complaints with RFC limitations by limiting her to occasional interaction with co-workers, supervisors and the general public, no fast paced work and no intense concentration for more than an hour. (AR 31, 35.)  These limitations do not preclude all work.  (AR 37-38.)

Plaintiff disputes the ALJ's credibility findings but it is the ALJ's responsibility to resolve ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted the severity of Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.


DATED: February 17, 2015                    _____/s/ John E. McDermott_____
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE

14